UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

AUG - 8 2007



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MATTHEW ALLEN LANG, | \* | CR 03-40076-03 |
| | \* | CIV 06-4134 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Matthew Lang filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (CIV 06-4134, Doc. 1). Pursuant to the Court's Order, the government filed a response to the motion. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Lang was convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), as well as aiding and abetting the same crime in violation of 18 U.S.C. § 2. He was sentenced to 51 months' imprisonment and three years' supervised release on February 13, 2006. An appeal of Lang's conviction was not filed. He claims he was informed by his attorney, Stephanie Amiotte, that there were no grounds for an appeal in his case. He does not claim, however, that he asked his counsel to file an appeal and that she failed or refused to do so.

In his motion, Lang states three grounds upon which he contends he is entitled to relief from his conviction and sentence. All of Lang's grounds for relief are based upon ineffective assistance of counsel. The first ground for relief is that his counsel was very antagonistic and refused to represent his interests. He claims she was verbally mean and belittled him. He also claims that up until two days before his trial, his counsel was only interested in having him enter a guilty plea.

The second ground for relief stated in the motion is that his counsel encouraged him to lie by telling him to state things that were not true for purposes of entering a plea agreement with the government. She also repeatedly told him that if he didn't enter into the plea agreement he was going to be found guilty at trial.

The third ground for relief is that Lang was not allowed to take the stand in his defense. In the "supporting facts" section of his motion for this ground, Lang states: "[a]fter the trial while waiting for the jury to return a verdict, my lawyer stated to me in front of witnesses, if I had enough money to hire more legal representation I could get a verdict of not guilty because three heads are better than one." (Doc. 1.)

The government submitted an Affidavit from Lang's counsel. In her Affidavit, counsel explained that she believed Lang had lied to her and that on June 9, 2005, Lang admitted he had been lying to her from the beginning of her representation of him. She states that she was stern with him, but was not "mean" to Lang. She also states that she advised Lang that the evidence produced by the government was the type of evidence she believed could result in a guilty verdict by a jury. After Lang admitted that he had lied to defense counsel, she states in her Affidavit that she and Lang had a discussion regarding Lang testifying at trial. She recommended he not testify because she felt his testimony may be detrimental to his case and not helpful. In her Affidavit, she states that Lang agreed he should not testify.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

The Supreme Court set forth the standard by which claims for ineffective assistance of counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when the defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court "must indulge a strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see Parker v. Bowersox*, 188 F.3d 923, 928 (8th Cir. 1999) (same).

Even if Lang was "mean" and "antagonistic" as he alleges in his first ground for relief, which Lang could have perceived given that his counsel believed he was lying to her, she confronted him about those lies, and she was "stern" with him, this does not state a ground for deficient performance. Lang does not allege counsel made any error on this basis. As to the claim that she refused to represent his interests, Lang does not state any facts to support such a conclusory claim and it is clear from the record in the criminal case that defense counsel actively defended Lang and proceeded to trial on his behalf. He does not state any facts that would demonstrate defense counsel's representation of him below the range of competence demanded of attorneys in criminal cases.

Although Lang contends in his second ground for relief that his counsel encouraged him to lie, according to Lang he did not lie and did not enter the plea agreement he contends his counsel repeatedly advised him to accept. Even if Lang's allegations are accepted as true, he was not harmed by counsel's encouragement and he does not claim that the result of his trial would have been different had she not encouraged him to lie. Thus, he cannot establish prejudice on this ground. Moreover, counsel's statements regarding the likelihood of conviction upon going to trial do not rise to the level of deficient performance. Rather, defense counsel's comments demonstrate she evaluated the government's evidence and advised Lang of her assessment of the strength of the government's case. This is not an error by defense counsel, and thus, does not amount to deficient performance.

In the third ground for relief, Lang states that he "was not allowed to take stand in my defense." (Doc. 1.) He does not specifically allege he was prevented by counsel from testifying, but the Court will consider this an ineffective assistance of counsel claim based upon his reference to defense counsel in the supporting facts section of his motion following this ground for relief. The Court recognizes Lang had a constitutional right to testify in his defense. *See Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987); *United States v. Bernloehr*, 833 F.2d 749, 751 (8th Cir. 1987). A knowing and voluntary waiver of the right to testify, however, may be found based on a defendant's silence when his counsel rests without calling him to testify. *Id.* at 751-52. "[U]nder such circumstances the defendant must act 'affirmatively' rather than apparently 'acquiesc[ing]' in his counsel's advice that he not testify, and then later claim[ing] that his will to testify was overcome.'" *Frey v. Schuetzle*, 151 F.3d 893, 898 (8th Cir. 1998). Lang did not object during the trial to his counsel's failure to call him to testify. Moreover, Lang did not file any response to defense counsel's Affidavit stating that Lang agreed he should not testify at trial because it may be detrimental to his case. The Court finds the record in this case establishes that Lang knowingly and voluntarily waived his right to testify in his defense.

The second portion of the third ground for relief is that defense counsel made a comment that if Lang had more financial resources he could hire more legal representation to get an acquittal.

4

Defense counsel explained the context of this conversation differently in her Affidavit. In any event, accepting Lang's version of the conversation, defense counsel did not render deficient performance in making such a statement and there is no prejudice to Lang by this statement made outside the presence of the jury, as there is no likelihood that the result of the trial would have been different absent her comments.

For the reasons set forth above, Lang is not entitled to relief on any of the claims set forth in his motion. In addition, the Court finds Lang is not entitled to an evidentiary hearing because additional evidence is not necessary to decide the merits of Lang's pending motion. *See United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (holding that an evidentiary hearing is not required "where the files and records of the case conclusively show that the petitioner is not entitled to relief.'"); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (affirming the district court's refusal to hold a hearing on § 2255 petitioner's ineffective assistance of counsel claim where he failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test).

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Lang has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That Matthew Lang's Motion to Vacate, Set Aside or Correct Sentence, Doc. 1, is denied.

2. That a certificate of appealability shall not issue in this action.

Dated this 8th day of August, 2007.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)   DEPUTY